UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>    Plaintiff,<br><br>    v.<br><br>PROPERTY MANAGEMENT, et al.,<br>    Defendant. | No. 3:21-cv-1015 (SRU) |

## ORDER OF DISMISSAL

Alexander McArthur, proceeding *pro se*, brought this action against "Property Management" and 16 Lombard St LLC. McArthur filed his first complaint on July 23, 2021. Doc. No. 1. On December 20, 2021, I entered an Order dismissing McArthur's complaint without prejudice and permitting him to file an amended complaint within 21 days of the Order. *See* Doc. No. 6. McArthur filed an amended complaint on January 10, 2022. Doc. No. 7. For the reasons set forth in this Order, McArthur's amended complaint is **dismissed**.

### I.   Background

In McArthur's first complaint in this matter, McArthur alleged that the defendants' failure to repair his kitchen sink deprived him of water from May 24, 2020 through September 17, 2020. See Doc. No. 1 at 19. McArthur cited 42 U.S.C. Chapter 21, Civil Code 670, and 15 U.S.C. § 45. See Doc. No. 1 at 20-21. In a December 20, 2021 Order, I dismissed McArthur's complaint for failure to state a cognizable claim. *See* Doc. No. 6. I granted McArthur twenty-one days to file an amended complaint. *See id*.

McArthur timely filed an amended complaint on January 10, 2022. Doc. No. 7. His amended complaint alleges that the defendants "deprived [him] of water" for four months[1] in retaliation to "civil claims [he] filed against them." Doc. No. 7 at 1 (cleaned up). McArthur again cites Civil Code 670 and 42 U.S.C. § 45. *Id*. Instead of citing generally to 42 U.S.C. Chapter 21, as he did in his first complaint, McArthur cites 42 U.S.C. § 12203 in his amended complaint. McArthur also attaches as an exhibit a letter from his conservator to the defendants complaining that the kitchen sink and bathroom sink were unusable and seeking an inspection of the apartment. *See* Doc. No. 7 at 2.

## II.   Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action brought *in forma pauperis* if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

---

[1] McArthur first alleges that the defendants deprived him of water for "over a year," but he later appears to correct himself, stating the deprivation was "nearly four months, actually." Doc. No. 7 at 1 (cleaned up).

When a plaintiff proceeds *pro se*, the court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). "[W]hile *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, courts should look for such allegations by reading *pro se* complaints with special solicitude and interpreting them to raise the strongest claims that they suggest." *Shomo v. State of New York*, 374 F. App'x 180, 183 (2d Cir. 2010) (cleaned up) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)).

**III.     Discussion**

McArthur's amended complaint does not cure the deficiencies of his original complaint. McArthur again bases his claims on the factual allegation that the defendants deprived him from use of his apartment sinks between May 24, 2020 and September 17, 2020. *See* Doc. No. 7 at 1. Regarding his renewed claim under "Civil Code" 670, McArthur alleges no additional facts or clarifying language in support of the claim. McArthur's claim pursuant to Civil Code 670 is therefore dismissed with prejudice for the same reasons I dismissed the claim in my previous order. *See* Doc. No. 6 at 2-3. Furthermore, as stated in my previous order, 15 U.S.C. § 45 provides no private right of action. *See id.* Thus, McArthur's renewed claim pursuant to 15 U.S.C. § 45 is also dismissed with prejudice.

McArthur has revised his original complaint to allege that the deprivation of water was in "retaliation" for his "civil claims." *Id*. McArthur does not specify the claims he alleges the defendants retaliated against; however, McArthur has filed several other actions against his property management prior to dates of the alleged deprivation. *See, e.g.*, *McArthur v. Property*

3

*Management*, Dkt. No. 3:20-cv-01048-SRU; *McArthur v. Property Management*, Dkt. No. 3:20-cv-01038-SRU; *McArthur v. Property Management*, Dkt. No. 3:20-cv-01026-SRU.

McArthur cites 42 U.S.C. § 12203 in support of his retaliation claim, the provision of the American with Disabilities Act (ADA) that prohibits an employer from retaliating against an individual for making a charge or participating in an ADA matter. *See* 42 U.S.C. § 12203; *see also Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). To state a claim of retaliation under the ADA, McArthur must allege: "(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." *Equal Emp. Opportunity Comm'n v. Day & Zimmerman NPS, Inc.*, 265 F. Supp. 3d 179, 199 (D. Conn. 2017) (citations omitted). McArthur sets forth no factual allegations indicating that the defendants were his employers, nor any other factual allegations establishing any other element of an ADA retaliation claim beyond the bare claim that the defendants retaliated against him for his filings. Thus, McArthur has not stated a claim under 42 U.S.C. § 12203, so his ADA claim is dismissed with prejudice.

In addition, liberally construing McArthur's retaliation claim to arise under the Fair Housing Act ("FHA"), McArthur has not pled sufficient facts to support such a claim. "To bring a *prima facie* claim for retaliation under the FHA, a plaintiff must show that she 'was engaged in protected activity, that the defendant was aware of this activity, that the defendant took adverse action against the plaintiff, and [that] a causal connection exists between the protected activity and the adverse action.'" *Poteat v. Hartford Hous.*, 2023 WL 1108414, at *6 (D. Conn. Jan. 30, 2023) (citing *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir. 2002)). McArthur has pled no facts alleging a causal connection between the filing of his

suits against his property management and the conditions of his apartment. McArthur has therefore failed to state a claim of retaliation under the FHA.

Furthermore, even if I were to construe McArthur's retaliation claim as arising under the First Amendment, that claim would be improper because the defendants are private entities. *See Mahoney v. Beacon Health Ventures*, 585 F. Supp. 3d 1161, 1167 (N.D. Ind. 2022). ("The First Amendment limits government interference with speech, but not private interference, so First Amendment retaliation claims generally only apply against public [defendants], not private [defendants].").

Finally, even if I were to construe McArthur's amended complaint to bring state law tort claims, this Court lacks jurisdiction over those claims. Common law tort claims arise under state law, so they cannot alone constitute a basis for this Court's original jurisdiction over McArthur's claims. *See* 28 U.S.C. § 1331; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Furthermore, this Court also lacks diversity subject-matter jurisdiction over those claims because McArthur has not pled any facts giving rise to diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Moreover, because there are no federal law claims remaining and there is no diversity jurisdiction based on the citizenship of the parties, I decline to exercise supplemental jurisdiction over any claims that might arise under state law. *See* 28 U.S.C. § 1367(c)(3); *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (advising that "where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims").

**IV.     Conclusion**

For the foregoing reasons, McArthur's amended complaint does not cure the deficiencies that I identified in my previous Order of Dismissal. Doc. No. 6. Accordingly, McArthur's amended complaint is dismissed.

The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of March 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge